**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Sarah R. Lavelle, Esq. (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PEGGY MILLER** | : | **Civil Action No.** |
| **64 Spruce Street** | : | |
| **Wilkes-Barre, PA 18702** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **HCR ManorCare, Inc. d/b/a Hampton House** | : | |
| **1548 Sans Souci Parkway** | : | |
| **Wilkes-Barre, PA 18706** | : | |
| | : | |
| **333 N Summit Street** | : | |
| **Toledo, OH 43604-2617** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Peggy Miller (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against HCR ManorCare, Inc. d/b/a Hampton House (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Family and Medical Leave Act ("FMLA") of 1993, 29 U.S.C. § 2601 *et seq*. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, HCR ManorCare, Inc. is a major provider of both short-term post-acute and long-term care with a location at 1548 Sans Souci Parkway, Wilkes-Barre, PA 18702 and with a corporate headquarters at 333 N Summit Street, Toledo, OH 43604-2617.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the Age Discrimination in Employment Act, the Americans with Disabilities Act of 1990, as amended and the Pennsylvania Human Relations Act.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability and age discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2017-04033 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated July 22, 2018. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

**MATERIAL FACTS**

**PLAINTIFF'S EMPLOYMENT HISTORY**

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. In 1999, Defendant hired Plaintiff as a Nurse's Aide.

21. Plaintiff was well qualified for her position and performed well.

22. In 2000, Defendant promoted Plaintiff to Licensed Practical Nurse ("LPN").

23. Plaintiff was well qualified for her position and performed well.

**PLAINTIFF WAS DIAGNOSED WITH DISABILITIES**

24. In June 2009, Plaintiff's son, a Pennsylvania State Trooper, was killed in the line of duty.

25. After this, Dr. William Clearfield diagnosed Plaintiff with the following disabilities: Post Traumatic Stress Disorder ("PTSD"), Major Depressive Disorder and Generalized Anxiety Disorder.

26. In 2011, Plaintiff's husband suffered a stroke and passed away.

27. This further exacerbated Plaintiff's disabilities.

**PLAINTIFF APPLIED FOR FMLA LEAVE AND WAS APPROVED**

28. In or around 2011, Plaintiff met with Maryann Thayne, Human Resource Representative, and applied for Intermittent FMLA leave due to her disabilities.

29. Dr. Leonard Kuchemba signed Plaintiff's Health Care Provider Certification for her Intermittent FMLA leave application and Plaintiff submitted her application to Ms. Thayne.

30. Defendant approved Plaintiff's application for Intermittent FMLA leave and Plaintiff utilized her Intermittent FMLA leave.

31. Each year throughout Plaintiff's employment, she continued to apply for Intermittent FMLA due to her disabilities. Defendant approved each application.

**DEFENDANT DID NOTHING TO ADDRESS DISCRIMINATORY COMMENTS DIRECTED TOWARDS PLAINTIFF**

32. In 2013, Plaintiff was upset and had tears in her eyes due to her disabilities and was told by Lorraine Brennan, LPN – Medical Records, "Don't you think it's time you get over it."

33. Plaintiff reported the comment to Carol Kaiser, Director of Nursing, and to Human Resources.

34. However, upon information and belief, Ms. Brennan was not disciplined or even spoken to about her completely insensitive comment to Plaintiff that attempted to minimize the severity of Plaintiff's disabilities.

**DEFENDANT INTERFERED WITH PLAINTIFF'S FMLA LEAVE**

35. In or around the beginning of 2016, Michelle Murray became the new Director of Nursing.

36. In or around the summer of 2016, Plaintiff began to have a difficult time when she attempted to utilize her Intermittent FMLA leave.

37. Plaintiff's supervisors vented their frustration at her when she called out to use her Intermittent FMLA leave.

38. When Plaintiff attempted to utilize her FMLA leave and leave work early when she was suffering from an anxiety attack, Joyce Barry, Registered Nurse and Plaintiff's direct supervisor, and Sharon Limeback, LPN – Scheduler, refused to let Plaintiff leave Defendant and insisted that Plaintiff "just have a cigarette."

39. This directive was frequently given to Plaintiff and highlights the doubt that Defendant displayed towards the seriousness of Plaintiff's disabilities.

**DEFENDANT TREATED PLAINTIFF DIFFERENTLY THAN HER NON-DISABLED COWORKERS WHO DID NOT HAVE FMLA AND SHE COMPLAINED ABOUT IT**

40. Plaintiff also began to notice that she was being treated differently than the other LPNs that she worked with.

41. Ms. Barry was more critical of Plaintiff's work product and did not give Plaintiff the same level of support that she gave to the other LPNs.

42. Plaintiff began to complain to Ms. Murray and Rick LNU, Administrator, in person about how she felt like she was being treated differently than her coworkers due to her disabilities.

43. However, Defendant took no action to address Plaintiff's complaints.

44. Plaintiff continued to complain approximately twice per month, but Defendant did not take any action.

**DEFENDANT ATTEMPTED TO DISCIPLINE PLAINTIFF FOR FMLA-QUALIFYING ABSENCES**

45. In or around October 2016, Ms. Murray issued a discipline to Plaintiff for absences that Plaintiff had used her Intermittent FMLA leave for.

46. Plaintiff refused to sign the write up and informed Ms. Murray that she has utilized her FMLA leave for those absences.

47. Ms. Murray informed Plaintiff that Defendant did not have any Intermittent FMLA leave application or approval in her file.

48. Plaintiff then had Dr. Kuchemba resend her Intermittent FMLA paperwork.

49. The following day, Ms. Murray informed Plaintiff that the discipline would not be held against her.

**DEFENDANT FURTHER HARASSED PLAINTIFF**

50. In or around the fall of 2016, Defendant hung up a Pennsylvania State Trooper emblem and sign right in front of Plaintiff's desk, due to a patient having an underage sex offense conviction.

51. This was the only place that Defendant hung up the Pennsylvania State Trooper emblem.

52. Plaintiff complained multiple times to Trish LNU, Human Resource Representative, about the emblem being hung right in front of her desk and nowhere else in Defendant due to how uncomfortable it made her feel as it aggravated symptoms of her disabilities.

53. However, Defendant did not remove the Pennsylvania State Trooper emblem for approximately six (6) months.

**DEFENDANT ISSUED PLAINTIFF A BOGUS DISCIPLINE**

54. In or around November 2016, Ms. Murray issued Plaintiff a discipline because a CNA reported that Plaintiff yelled.

55. Ms. Murray refused to provide the identity of the CNA that reported Plaintiff for allegedly yelling.

56. Plaintiff did not yell, but has a naturally loud speaking voice as her coworkers were aware, including, but not limited to Ms. Murray.

## DEFENDANT SUSPENDED AND TERMINATED PLAINTIFF

57. On or around May 19, 2017, Ms. Murray called Plaintiff at home and informed her that she was suspended pending termination for allegedly being disrespectful to a patient.

58. Plaintiff was not disrespectful to a patient.

59. On May 22, 2017, Ms. Murray called Plaintiff to meet with her and Human Resources and terminated Plaintiff.

## DEFENDANT EXHIBITED A PATTERN AND PRACTICE OF AGE DISCRIMINATION

60. In or around November 2016, Defendant began to hire many LPNs that were in their 20's and early 30's.

61. In or around December 2016, Linda Moss (40's), Registered Nurse, was terminated without any disciplines and replaced by an employee in her 20's.

## COUNT I – AGE DISCRIMINATION
## TITLE VII OF THE CIVILE RIGHTS ACT OF 1964, AS AMENDED

62. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

63. Plaintiff was born on August 11, 1956.

64. Plaintiff was qualified to perform the job.

65. Defendant terminated Plaintiff.

66. Defendant treated younger employees more favorably than Plaintiff.

67. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

68. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

69. Defendant terminated Plaintiff.

70. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – AGE DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff was born on August 11, 1956.

73. Plaintiff was qualified to perform the job.

74. Defendant terminated Plaintiff.

75. Defendant treated younger employees more favorably than Plaintiff.

76. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

77. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

78. Defendant terminated Plaintiff.

79. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT III – DISABILITY DISCRIMINATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

80. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

81. Plaintiff is disabled under the ADA.

82. Plaintiff has disabilities that substantially limit major life activities.

83. Plaintiff was qualified to perform the job.

84. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

85. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

86. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

87. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

88. The purported reason for Defendant's decision is pretextual.

89. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

90. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

91. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT IV – DISABILITY DISCRIMINATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

92. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

93. Plaintiff is disabled under the PHRA.

94. Plaintiff has disabilities that substantially limit major life activities.

95. Plaintiff was qualified to perform the job.

96. Plaintiff was subject to an adverse employment action, including, but not limited to

termination.

97. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

98. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

99. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

100. The purported reason for Defendant's decision is pretextual.

101. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

102. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

103. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT V – RETALIATION**
**AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED**

104. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

105. Plaintiff engaged in activity protected by the ADA when she complained of discrimination.

106. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

107. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of

this Complaint, *infra.*

**COUNT VI – RETALIATION**
**PENNSYLVANIA HUMAN RELATIONS ACT**

108. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

109. Plaintiff engaged in activity protected by the PHRA when she complained of discrimination.

110. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

111. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

**COUNT VII - INTERFERENCE**
**VIOLATION of the FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.***

112. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

113. The FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any right provided by the FMLA. 29 U.S.C. 2615(a)(1).

114. At all times material, Defendant knew, or should have known, of Plaintiff's need for FMLA leave in order to care for her disabilities.

115. Defendant acted in bad faith by interfering with Plaintiff's FMLA leave.

116. Defendant knowingly, intentionally, willfully and/or recklessly acted in disregard of the duty to grant Plaintiff's FMLA-related request for leave.

117. Defendant's aforementioned actions violate 29 U.S.C. § 2615(a)(1) of the Family and Medical Leave Act in that the employer cannot "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under" any right provided by the FMLA. 29 U.S.C. 2615(a)(1)

118. As a direct and proximate result of Defendant's unlawful interference with Plaintiff's rights under the FMLA, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to lost wages, pain and suffering, mental anguish, humiliation, loss of fringe benefits, disruption of her personal life and loss of enjoyment of the ordinary pleasures of life.

119. Plaintiff demands judgment in her favor against Defendant for all available equitable relief including, but not limited to: unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.

120. Plaintiff further demands judgment in her favor against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under § 2617(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the Family and Medical Leave Act of 1993.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

**COUNT VIII – DISCRIMINATION/RETALIATION**
**FAMILY MEDICAL LEAVE ACT, FMLA 29 USCA §2615(b) *et. seq.***

121. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

122. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(C) Plaintiff was eligible for Family and Medical Leave Act leave.

123. At all times material, Defendant knew or should have known, of Plaintiff's need for FMLA leave to care for her own serious medical conditions.

124. Plaintiff gave Defendant sufficient information to allow it to understand that she needed leave for FMLA-qualifying reasons.

125. Nonetheless, Defendant terminated Plaintiff shortly after she continued to utilize her FMLA leave for her disabilities.

126. Defendant's motivation for terminating Plaintiff was connected causally to Plaintiff's absences due to her disabilities.

127. Defendant has acted in bad faith by retaliating against Plaintiff in violation of the FMLA.

128. As a direct and proximate result of Defendant's discharge of Plaintiff, Plaintiff is and was deprived of economic and non-economic benefits resulting from Defendant's willful and/or non-willful actions including but not limited to: loss of back pay, loss of increase in salary, loss of benefits preceding Plaintiff's filing of the lawsuit, cost of providing care, and double liquidated damages under the FMLA for violations not made in good faith.

129. Plaintiff demands judgment against Defendant for all available equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits, to which Plaintiff was entitled, and any additional unpaid leave up to the maximum permitted by the FMLA including but not limited to doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation

denied or lost.

130. Plaintiff further demands favorable judgment against Defendant for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquidated damages under §107(a), fees and costs including the allowance of reasonable attorneys' fees, expert witness fees and other costs of the action against Defendant and such other orders and further relief as may be necessary and appropriate to effectuate the objectives of the FMLA.

**WHEREFORE**, Plaintiff demands compensatory and liquidated damages in addition to counsel fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Peggy Miller, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA, the ADA, PHRA and the FMLA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

**JURY TRIAL DEMAND**

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: October 22, 2018

**By:**

David M. Koller, Esquire (90119)
Sarah R. Lavelle, Esquire (93383)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
slavelle@kollerlawfirm.com

*Counsel for Plaintiff*